UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MARK MCKINLEY,

        Plaintiff,

  -against-

SGT. CHRISTOPHER MOORE,
C.O. JEFFREY PHILLIPS,
C.O. JOHN THORPE,
C.O. CLAUDIO ROBUSTIANO,
C.O. MICHAEL SARRUBBO,
C.O. WILLIAM MURRAY,
C.O. CARMEN MATRESE and
C.O. NICOLE ELEFONTE,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

<u>**AMENDED COMPLAINT**</u>

<u>Plaintiff Demands
Trial by Jury</u>

Case No. 21-CV-0678

      Plaintiff, by his attorneys Sivin, Miller & Roche, LLP, complaining of defendants, alleges as follows, upon information and belief:

## **THE PARTIES AND JURISDICTION**

      1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

      2. That at all times herein mentioned, plaintiff was a prisoner at Coxsackie Residential Mental Health Unit (Coxsackie), located in Coxsackie, New York, and was under the care, custody, and control of the New York Department of Corrections and Community Supervision (DOCCS).

      3. That at all times herein mentioned, defendants were and are citizens of the State of New York.

      4. That at all times herein mentioned, defendant Sgt. Christopher Moore (Moore) was employed by DOCCS as a sergeant at Coxsackie.

5. That at all times herein mentioned, Moore was acting within the course and scope of his employment as a sergeant at Coxsackie.

6. That at all times herein mentioned, Moore was acting under color of state law.

7. That at all times herein mentioned, defendant C.O. Jeffrey Phillips (Phillips) was employed by DOCCS as a correction officer at Coxsackie.

8. That at all times herein mentioned, Phillips was acting within the course and scope of his employment as an officer at Coxsackie.

9. That at all times herein mentioned, Phillips was acting under color of state law.

10. That at all times herein mentioned, defendant C.O. John Thorpe (Thorpe) was employed by DOCCS as a correction officer at Coxsackie.

11. That at all times herein mentioned, Thorpe was acting within the course and scope of his employment as an officer at Coxsackie.

12. That at all times herein mentioned, Thorpe was acting under color of state law.

13. That at all times herein mentioned, defendant C.O. Claudio Robustiano (Robustiano) was employed by DOCCS as a correction officer at Coxsackie.

14. That at all times herein mentioned, Robustiano was acting within the course and scope of his employment as an officer at Coxsackie.

15. That at all times herein mentioned, Robustiano was acting under color of state law.

16. That at all times herein mentioned, defendant C.O. Michael Sarrubbo (Sarrubbo) was employed by DOCCS as a correction officer at Coxsackie.

17. That at all times herein mentioned, Sarrubbo was acting within the course and scope of his employment as an officer at Coxsackie.

18. That at all times herein mentioned, Sarrubbo was acting under color of state law.

19. That at all times herein mentioned, defendant C.O. William Murray (Murray) was employed by DOCCS as a correction officer at Coxsackie.

20. That at all times herein mentioned, Murray was acting within the course and scope of his employment as an officer at Coxsackie.

21. That at all times herein mentioned, Murray was acting under color of state law.

22. That at all times herein mentioned, defendant C.O. Carmen Matrese (Matrese) was employed by DOCCS as a correction officer at Coxsackie.

23. That at all times herein mentioned, Matrese was acting within the course and scope of his employment as an officer at Coxsackie.

24. That at all times herein mentioned, Matrese was acting under color of state law.

25. That at all times herein mentioned, defendant C.O. Nicole Elefonte (Elefonte) was employed by DOCCS as a correction officer at Coxsackie.

26. That at all times herein mentioned, Elefonte was acting within the course and scope of her employment as an officer at Coxsackie.

27. That at all times herein mentioned, Elefonte was acting under color of state law.

28. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the First, Eighth, and Fourteenth Amendments to the United States Constitution.

## **VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS**

29. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

30. That during a period of several months immediately preceding March 11, 2020, plaintiff and members of plaintiff's family collectively made several complaints to DOCCS officials, and others, both in writing and verbally, about the conditions of plaintiff's confinement at Coxsackie.

31. That the aforementioned complaints were primarily in connection with, and specifically referenced, actions by Sgt. Christopher Moore relating to Moore's repeated mistreatment of plaintiff at Coxsackie.

32. That Moore verbally expressed to plaintiff his displeasure at these complaints, and engaged in a course of misconduct designed to threaten and harass plaintiff for having made these complaints, and to dissuade plaintiff from making further complaints.

33. That the acts of misconduct against plaintiff in which Moore engaged included, but were not limited to, depriving plaintiff of water and calling plaintiff various names, including "rat" and "snitch," in front of other prisoners.

34. That on March 11, 2020, one or two days after additional complaints had been made against Moore in connection with his mistreatment of plaintiff, Moore directed Officers Jeffrey Phillips and John Thorpe to bring plaintiff from his cell and escort him to a so-called "draft" area of the prison.

35. That in response to Moore's directive, Phillips and Thorpe brought plaintiff in handcuffs to the draft area.

36. That after plaintiff was brought to the draft area, he again was verbally threatened and harassed by Moore for having made repeated complaints about Moore's actions toward him and complaints about plaintiff's conditions of confinement.

37. That included among the threats and harassment was a statement by Moore to plaintiff that, as a consequence of the complaints that plaintiff had made, Moore now was going to give plaintiff "a going away present."

38. That the verbal threats and harassment of plaintiff by Moore in the draft area were made in the presence of the other named defendants herein.

39. That as a consequence of Moore's verbal threats and harassment in the presence of the other named defendants herein, the other named defendants herein had actual knowledge of the fact that plaintiff had made complaints against the conditions of his confinement, and that Moore intended to retaliate in some manner against plaintiff for having made those complaints.

40. That after verbally threatening and harassing plaintiff, Moore then slapped plaintiff in the face and began choking plaintiff, all while plaintiff was handcuffed behind his back.

41. That in response to this physical assault and battery by Moore, plaintiff attempted to escape Moore's grip, but instead was slammed to the ground and then severely beaten by Moore, Phillips, Thorpe, Robustiano, Sarrubbo, Murray, and Matrese.

42. That the aforementioned beating included, but was not limited to, Moore and the officers punching and kicking plaintiff multiple times in the head and body, and discharging chemical spray at plaintiff.

43. That all of the named defendants herein, including Elefonte, observed the actions of their fellow officers, including the initial verbal threats and harassment against plaintiff by Moore and the subsequent physical attack against plaintiff, had reasonable opportunities to intervene to prevent and/or stop those actions, but deliberately failed and refused to do so.

44. That as a result of the aforementioned actions by defendants herein, plaintiff sustained severe personal injuries, including but not limited to a broken hand and other injuries to his head and body.

45. That on March 11, 2020, following the aforementioned use-of-force incident, Moore authored an Inmate Misbehavior Report in which he falsely accused plaintiff of having attacked him and several other officers, and in which he falsely claimed that force was used against plaintiff only in self-defense and in response to plaintiff's attack on the officers.

46. That on March 11, 2020, following the aforementioned use-of-force incident, Sgt. Moore and Officers Phillips, Thorpe, Sarrubbo, Murray, Matrese, and Elefonte also authored other written reports in which they falsely accused plaintiff of

having attacked the officers and in which they falsely claimed that force was used against plaintiff only in self-defense and in response to plaintiff's attack on the officers.

47. That at the time they authored these reports against plaintiff, defendants herein knew that plaintiff was physically attacked by the officers, and was being falsely accused of attacking the officers, only in retaliation for plaintiff having made the prior complaints about his conditions of confinement.

48. That as a result of the Misbehavior Report that was issued by Moore against plaintiff, a disciplinary hearing, or "tier hearing," was held to adjudicate several charges made by Moore against plaintiff, including "Violent Conduct," "Assault on Staff," "Refusing Direct Order," and "Refuse Search or Frisk."

49. That during the course of the hearing, Sgt. Moore and Officers Phillips, Thorpe, and Elefonte gave testimony in which they knowingly made accusations and claims against plaintiff that were false.

50. That at the conclusion of the hearing, and in reliance on the false testimony and written reports provided by defendants herein, the hearing officer found plaintiff guilty of all charges and imposed severe punishment against plaintiff, including sentencing plaintiff to one year in a Special Housing Unit (SHU) and imposing a one-year deprivation of commissary and packages.

51. That the aforesaid actions of defendants herein were intentional, sadistic, and malicious, and served no legitimate penological interest.

52. That the aforesaid actions of defendants herein were so extreme and pernicious in nature as to shock the conscience of civilized society.

53. That the aforesaid actions of defendants herein were undertaken in retaliation and retribution for plaintiff having exercised his First Amendment right of free speech and his right to petition the government for redress of his grievances about the conditions of his confinement and the actions of DOCCS officers, including Sgt. Moore.

54. That as a result of the foregoing, plaintiff sustained severe physical and psychological injuries, endured atypical conditions of confinement far more severe than those of ordinary prison confinement, endured and continues to endure conscious pain and suffering and loss of enjoyment of life, and has been otherwise damaged, all to his damage in the amount of Two Million ($2,000,000.00) Dollars.

**FIRST CAUSE OF ACTION**
**(42 USC § 1983: Eighth Amendment)**

55. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

56. That the aforementioned acts by defendants were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

57. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

**SECOND CAUSE OF ACTION**
**(42 USC § 1983: Fourteenth Amendment)**

58. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

59. That the aforementioned acts by defendants were in violation of the substantive due process rights guaranteed to plaintiff under the Fourteenth Amendment to the US Constitution.

60. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

### THIRD CAUSE OF ACTION
### (42 USC § 1983: First Amendment)

61. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

62. That the aforementioned acts by defendants were in violation of the rights guaranteed to plaintiff under the First Amendment to the US Constitution of freedom of speech and freedom to petition the government for redress of grievances.

63. That as a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

WHEREFORE, plaintiff seeks judgment against defendants, and each of them, on the aforementioned causes of action, in the form of compensatory damages in the amount of Two Million ($2,000,000.00) Dollars, and punitive damages in the amount of Two Million ($2,000,000.00) Dollars, and

Plaintiff seeks attorney's fees against all defendants pursuant to 42 USC § 1988, and interest, costs, and disbursements of this action.

Dated:  New York, New York
August 5, 2021

    Yours, etc.
Sivin, Miller & Roche, LLP


By s/ Edward Sivin
Edward Sivin
Attorneys for plaintiff
Bar Roll Number: 514765
20 Vesey St., Suite 1400
New York, NY  10007
(212) 349-0300
Email: esivin@sivinandmiller.com