UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARK MCKINLEY,

                      *Plaintiff*,        **ANSWER**

    -against-                  **Jury Trial Demanded**

SGT. MOORE, et al.,                      21-CV-0678

                      *Defendants*.       TJM/CFH

Defendants William Murray, John Thorpe Jeffrey Phillips, Michael Sarrubbo, Claudio Robustiano, Christopher Moore, Carmen Matrese, and Nicole Elefonte, by their attorney, Letitia James, Attorney General of the State of New York, Jonathan S. Reiner, Assistant Attorney General, of counsel, answer the First Amended Complaint ("FAC") as follows:

1.    Deny each and every allegation contained in the FAC that alleges or tends to allege that the challenged actions of the defendant were in any way contrary to constitutional, statutory, regulatory, or case law and deny that plaintiff is entitled to the relief he seeks in his prayer for relief.

2.    Admit the allegations contained in paragraph 1, 2, 3, 4, 7, 10, 13, 16, 19, 22, 25, and 48 of the FAC.

3.    The allegations contained in paragraphs 5, 6, 8, 9, 11, 12, 14, 15, 17, 18, 20, 21, 23, 24, 26, and 28 of the FAC are statements of law and/or call for a legal conclusion and, therefore, no response is required. To the extent a response is required, deny the allegations contained therein and refer all questions of law to the Court.

4. Paragraph 28 of the FAC constitutes a statement of jurisdiction and venue to which no response is required. To the extent that the Court requires a response, deny that defendants have violated plaintiff's rights in any way and refer all questions of law to the Court.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 30 and 31 of the FAC.

6. Deny the allegations contained in paragraph 32, 34, 35, 36, 37, 38, 39, 40, 41, 43, 44, 46, 47, 51, 52, 53, 54, 56, 57, 59, and 60 of the FAC.

7. As to the allegation contained in paragraph 33 of the FAC, admit that Plaintiff was the subject of a water deprivation order conducted in accordance with DOCCS policy, deny that the water deprivation constituted misconduct, and deny all other allegations contained in paragraph 33.

8. As to the allegation of paragraph 42 of the FAC, admit that a documented use of physical force occurred on March 10, 2020 and that the force used was necessary to end plaintiff's violent attack, but deny the characterization as a "beating."

9. Admit the allegations in paragraphs 45 and 46 of the FAC only to the extent that the Defendants wrote written reports but deny the characterization of the contents of those reports.

10. Admit the allegations contained in paragraph 49 of the FAC only to the extent that Moore, Phillips, Thorpe, and Elefonte gave testimony but deny the characterization of that testimony.

11. As to the allegation contained in paragraph 50 of the FAC, admit that the hearing officer found plaintiff guilty and imposed punishment but deny that false testimony and written reports served as the basis of the finding or sentence.

12. As to the allegations set forth in paragraphs 29, 55, and 58 of the FAC, Defendants repeat and reallege each of the foregoing allegations as if fully set forth herein

13. The allegations contained in paragraphs 61, 62, and 63 of the FAC all relate to claims that have been dismissed and, therefore, no response is required. To the extent that a response is required, deny the allegations contained in these paragraphs

14. Deny any allegation of the FAC not specifically responded to above.

### Defenses

15. The FAC fails to state a claim upon which relief can be granted.

16. At all relevant times Defendants William Murray, John Thorpe Jeffrey Phillips, Michael Sarrubbo, Claudio Robustiano, Christopher Moore, Carmen Matrese, and Nicole Elefonte acted under the reasonable belief that their conduct was in accordance with clearly established law. They are, therefore, protected under the doctrine of qualified immunity.

17. The FAC is barred, at least in part, under principles of res judicata and collateral estoppel.

18. To the extent plaintiff raises state law claims, they are barred by the Eleventh Amendment, by section 259-q of the Executive Law, by section 24 of the Correction Law, and by other state law.

19. Defendants William Murray, John Thorpe Jeffrey Phillips, Michael Sarrubbo, Claudio Robustiano, Christopher Moore, Carmen Matrese, and Nicole Elefonte are not personally involved in the alleged constitutional or statutory violations, and they are therefore not liable under 42 U.S.C. § 1983.

20. To the extent this action is brought for mental or emotional injury, plaintiff is barred from proceeding without a prior showing of physical injury.

21. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending. Pursuant to section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, plaintiff is or may not be entitled to any payment herein.

22. Upon information and belief, plaintiff has been convicted of one or more felonies or other crimes. Pursuant to section 808 of the Prison Reform Act of 1995, prior to payment of any compensatory damages to plaintiff, reasonable efforts shall be made to notify the victims of the crime for which plaintiff was convicted and incarcerated. Upon information and belief, plaintiff must be compelled to cooperate in the notification of his victims prior to payment of any judgment herein, or he should be barred from recovery.

23. Defendants William Murray, John Thorpe Jeffrey Phillips, Michael Sarrubbo, Claudio Robustiano, Christopher Moore, Carmen Matrese, and Nicole Elefonte hereby demand a trial by jury.

[remainder of page intentionally blank]

WHEREFORE, Defendants William Murray, John Thorpe Jeffrey Phillips, Michael Sarrubbo, Claudio Robustiano, Christopher Moore, Carmen Matrese, and Nicole Elefonte respectfully ask that this Court deny the relief requested, dismiss the complaint, and grant such other relief as to the Court shall seem is just and equitable.

Dated: Albany, New York
      September 15, 2021

                              LETITIA JAMES
                              Attorney General of the State of New York
                              Attorney for Defendants
                              The Capitol
                              Albany, New York  12224


                              By: s/ Jonathan S. Reiner
                              Jonathan S. Reiner
                              Assistant Attorney General, of Counsel
                              Bar Roll No.   702645
                              Telephone:     (518) 776-2641
                              Fax: (518) 915-7740 (not for service of papers)
                              Email: jonathan.reiner@ag.ny.gov


TO:    Edward Sivin, Esq.
         SIVIN & MILLER, LLP
         20 Vesey Street
         Suite 1400
         New York, NY  10007