UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MARK MCKINLEY,

                                        Plaintiff,                           9:21-cv-678 (BKS/CFH)

v.

SGT. CHRISTOPHER MOORE, C.O. JEFFREY
PHILLIPS, C.O. JOHN THORPE, C.O. CLAUDIO
ROBUSTIANO, C.O. MICHAEL SARRUBBO, C.O.
WILLIAM MURRAY, and C.O. CARMEN MATRESE,

                                        Defendants.
_____

**Appearances:**

*For Plaintiff*:
Edward Sivin
Glenn D. Miller
Sivin, Miller & Roche LLP
20 Vesey Street
Suite 1400
New York, New York 10007

*For Defendants*:
Letitia James
Attorney General of the State of New York
Alexander Powhida
Peter McDaniel
Assistant Attorneys General, of counsel
The Capitol
Albany, New York 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

       Plaintiff Mark McKinley brings this § 1983 action against Defendants Christopher

Moore, Jeffrey Phillips, John Thorpe, Claudio Robustiano, Michael Sarrubbo, William Murray,

and Carmen Matrese asserting claims for Eighth Amendment excessive force and failure to intervene against all Defendants and First Amendment retaliation against Defendant Moore. (Dkt. No. 10.) The case is set for trial on January 29, 2024. Presently before the Court are the parties' motions in limine. (Dkt. Nos. 56, 64). Each party responded in opposition to the other's motions. (Dkt. Nos. 67, 68.) The Court heard oral argument on the motions at a final pretrial telephonic conference on January 18, 2024. For the following reasons, the parties' motions are granted in part and denied in part.

## II.     PLAINTIFF'S MOTIONS IN LIMINE

### A.     Adverse Inference Charge

Plaintiff moves for an adverse inference charge based on Defendants' alleged failure to produce evidence as to whether Plaintiff was scheduled to be transferred out of Coxsackie Correctional Facility on March 11, 2020, the date of the incident at issue. (Dkt. No. 56, at 2–5.) Defendants argue that Plaintiff is not entitled to an adverse inference charge and that all relevant documents have been produced. (Dkt. No. 68, at 3–11.) On the day of the final pretrial conference, Defendants produced an additional document, which Defendants indicate constitutes the "transfer order" sought by Plaintiff. (Dkt. No. 75.) In response, at the final pretrial conference, Plaintiff indicated that he was not yet withdrawing his motion for an adverse inference instruction, but the parties agreed that they would work together to facilitate the taking of depositions Plaintiff requested as a result of the production of this document. Accordingly, the Court reserves ruling on this portion of Plaintiff's motion.

### B.     Plaintiff's Involvement in Other Lawsuits

Plaintiff next moves to preclude evidence of Plaintiff's involvement in other lawsuits. (Dkt. No. 56, at 5.) Defendants indicate that "they do not plan" to offer "evidence of or otherwise referenc[e] Plaintiff's involvement in any other lawsuits" but state that they "reserve the right to

2

question Plaintiff regarding those cases based upon Plaintiff's testimony on damages at trial." (Dkt. No. 68, at 11–12.) At the final pretrial conference, Defendants indicated that they would only inquire as to Plaintiff's prior lawsuit if Plaintiff opened the door with certain testimony related to his injury and damages, and Defendants agreed to discuss the issue at sidebar before such an inquiry at trial. Accordingly, the Court reserves ruling on the admissibility of evidence of any prior lawsuit until trial.

### C. Plaintiff's Involvement in Fights While Incarcerated

Finally, Plaintiff moves to preclude evidence of his involvement in any fights while incarcerated. (Dkt. No. 56, at 5–6.) Defendants argue that "Plaintiff's involvement in altercations while incarcerated and assaults on staff are relevant and admissible because they are highly probative of facts relating to Defendants' theory of the case[,] [and] [t]he probative value is not outweighed by any potential prejudice." (Dkt. No. 68, at 12–16.)

Under Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Admissibility under Rule 404(b) is dependent upon whether "(1) the prior acts evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice; and (4) the court administered an appropriate limiting instruction." *United States v. Brand*, 467 F.3d 179, 196 (2d Cir. 2006) (quoting *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002)), *abrogated on other grounds by United States v. Cabrera*, 13 F.4th 140 (2d Cir. 2021).

3

Defendants indicate that they intend to introduce evidence of Plaintiff's assaultive behavior not to demonstrate that Plaintiff acted in accordance with that character but to "provide necessary context of the basis for Defendant Moore's desire to invite Defendants Phillips and Thorpe to the draft area and the reasonableness of his state of mind in doing so," (Dkt. No. 68, at 13), a circumstance at issue in this case. Defendants argue that this evidence is relevant to "rebut[] Plaintiff's assertion that the two officers were invited in for the specific purpose of assaulting Plaintiff." (*Id.* at 12.). Plaintiff's history of assaultive behavior would be relevant to Defendant Moore's state of mind—that is, why he invited Defendants Phillips and Thorpe to the draft area. Moreover, Defendants indicate that they will not question Plaintiff "on the details of [prior] altercations" and will not "delv[e] into the minutia of [prior] altercations." (*Id.* at 15.)

However, at the final pretrial conference, Plaintiff expressed concern that Defendant Moore was not, in fact, aware of a history of assaultive behavior on the part of Plaintiff other than the single use-of-force incident on November 9, 2019, (Dkt. No. 72, at 41). In response, counsel for Defendants indicated that they would clarify with Defendant Moore what knowledge he had. Accordingly, the Court reserves ruling on the admissibility of evidence of Plaintiff's history of assaultive behavior as related to Defendant Moore's state of mind under Rule 404(b)(2). To the extent such evidence is ultimately admitted, Plaintiff may submit a proposed limiting instruction to cure any potential prejudice.

### III.  DEFENDANTS' MOTIONS IN LIMINE

#### A.  Plaintiff's Criminal History

Defendants move to establish admissibility of evidence of Plaintiff's criminal history, including "the name of the crimes for which [Plaintiff] was convicted, the date of conviction, and the sentence received for his felony convictions." (Dkt. No. 64, at 7–11.) Defendants specifically mention only Plaintiff's robbery conviction. (*Id.* at 9.) Plaintiff argues that "Defendants should

4

be precluded from offering any evidence of, or otherwise referencing, Plaintiff's 2011 robbery conviction" but "does not oppose any evidence or reference to the fact that he was convicted of [Attempted Criminal Sale of Controlled Substance in the Third Degree] in 2018 and received a sentence of four years confinement." (Dkt. No. 67, at 2–4.)

Plaintiff was convicted in 2011 of robbery in the second degree, received a prison sentence of three years and six months, and was released in 2015. (Dkt. No. 67, at 10.) Plaintiff was also convicted in 2018 for attempted criminal sale of a controlled substance in the third degree and received a prison sentence of four years. (Dkt. No. 64, at 22–25.)

Rule 609(a)(1) of the Federal Rules of Evidence provides that, in a civil case, "subject to Rule 403," evidence of a prior criminal conviction "must be admitted" to impeach a witness where the conviction was "for a crime that . . . was punishable . . . by imprisonment for more than one year." Fed. R. Evid. 609(a)(1)(A). "The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620–21 (2d Cir. 2005) (quoting Fed. R. Evid. 403). Rule 609(a)(2) provides that, "for any crime regardless of the punishment," evidence of a criminal conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Unlike Rule 609(a)(1), Rule 609(a)(2) does not require a balancing under Rule 403: "evidence of conviction of a certain type of crime[,] one involving dishonesty o[r] false statement[,] must be admitted, with the trial court having no discretion." *United States v. Bumagin*, 136 F. Supp. 3d 361, 375

(E.D.N.Y. 2015) (first and third alterations in original) (quoting *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977)).

The applicability of Rule 609(a) is, however, limited by Rule 609(b), which provides that "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," then "[e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

As an initial matter, each of Plaintiff's convictions resulted in a prison term greater than one year and Plaintiff's release from confinement stemming from each conviction was within the last ten years, thus implicating Rule 609(a).[1] Neither conviction required proving a dishonest or false statement, and therefore, Rule 609(a)(1), not Rule 609(a)(2), is applicable. Thus, for each conviction, the Court must balance the probative value of introducing evidence of Plaintiff's conviction against its prejudicial effect under Rule 403. *See Brandon v. Kinter*, No. 13-cv-00939, 2021 WL 3032693, at *2, 2021 U.S. Dist. LEXIS 133484, at *3–4 (N.D.N.Y. July 19, 2021); *see also Estrada*, 430 F.3d at 615–16.

"In balancing probative value against prejudicial effect under Rule 609, courts examine: '(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness.'" *Starmel v. Tompkin*, 634 F. Supp. 3d 41, 45 (N.D.N.Y. 2011) (quoting *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997)). "Although all of these factors are relevant, prime among them is the first factor, i.e., whether the crime, by its nature, is

---

[1] Though Plaintiff's 2011 conviction is more than ten years old, Plaintiff was released from confinement stemming from this conviction in 2015. (Dkt. No. 67, at 10.) Because this release was within the prior ten years, Rule 609(a)(1) applies.

6

probative of a lack of veracity." *Id.* (internal quotation marks omitted) (quoting *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009)).

"Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," although "all Rule 609(a)(1) felonies are not equally probative of credibility." *Estrada*, 430 F.3d at 617. Drug-related crimes are generally "less probative of veracity" as compared to others, such as "theft and escape crimes." *Id.* at 617–18; *see also United States v. Puco*, 453 F.2d 539, 542–43 (2d Cir. 1971); *Brown*, 606 F. Supp. 2d at 319. Furthermore, crimes of violence are not particularly probative as to honesty or veracity. *See Estrada*, 430 F.3d at 617–18 (approving of view that convictions for violent or assaultive crimes are generally less probative of credibility). However, "theft crimes, and other crimes involving stealth . . . bear on a witness's propensity to testify truthfully." *Id.* at 621. And "crimes requiring planning or preparation bear more strongly on veracity than violence alone suggests because planning indicates deliberate and injurious violation of basic standards rather than impulse or anger, and usually it involves some element of deceiving the victim." *Id.* at 618 (quotation omitted). The Court concludes that the nature of each of Plaintiff's convictions renders them somewhat probative of credibility but not overwhelmingly so.

The Court notes that Plaintiff's 2011 conviction is relatively remote in time—it occurred over twelve years ago—and is therefore of lesser probative value than would be more recent convictions. *See Twitty v. Ashcroft*, No. 04-cv-410, 2010 WL 1677757, at *2, 2010 U.S. Dist. LEXIS 40499, at *6 (D. Conn. Apr. 23, 2010) ("[T]he 'probative value of a conviction decreases as its age increases.'" (quoting 4 Weinstein's Federal Evidence § 609.05(3)(d) at 609–41 (2d ed. 2010))). While Plaintiff's 2018 conviction may be of more probative value than the 2011

7

conviction, at about five years old, it is "neither so old as to decrease its probative value nor so new as to increase its probative value." *See Brown*, 606 F. Supp. 2d at 320.

The fact that Plaintiff's convictions do not bear similarity to the conduct at issue in this case generally weighs in favor of admission. *See Thomas*, 2018 WL 3387690, at *3, 2018 U.S. Dist. LEXIS 116008, at *5–6; *see also Stephen v. Hanley*, No. 03-cv-6226, 2009 WL 1471180, at *5, 2009 U.S. Dist. LEXIS 43334, at *13 (E.D.N.Y. May 21, 2009) ("The less similar the pending case to the prior conviction, the less prejudicial its admission is." (citing *Hayes*, 553 F.2d at 828)). And because the Plaintiff's version of the events differs from the Defendants' version of the events, Plaintiff's credibility will have to be assessed against the credibility of Defendants. Plaintiff's character for veracity is therefore a central issue in this case, and the existence of prior felony convictions is probative of his credibility. *See Crenshaw v. Herbert*, 409 F. App'x 428, 431–32 (2d Cir. 2011) (summary order) (finding no abuse of discretion in admitting evidence of a prior conviction in a § 1983 case because "[e]vidence of [the plaintiff's prior conviction] was probative of his veracity, a central issue in this case because the jury was required to choose between two contradictory versions of the underlying incident" (internal citation omitted)).

As to prejudicial effect, the jury will know by the nature of his claim against correctional officers that Plaintiff was convicted of a crime and was serving a prison sentence, which limits the prejudicial effect of introducing the fact that Plaintiff has prior convictions. *See Espinosa v. McCabe*, No. 10-cv-497, 2014 WL 988832, at *6, 2014 U.S. Dist. LEXIS 31741, at *16 (N.D.N.Y. 2014).

Finally, the Court notes that "Plaintiff does not oppose any evidence or reference to the fact that he was convicted of [attempted criminal sale of a controlled substance in the third degree] in 2018 and received a sentence of four years confinement." (Dkt. No. 67, at 4.)

Therefore, having weighed the relevant factors, the Court finds that evidence of Plaintiff's 2018 conviction for attempted criminal sale of a controlled substance in the third degree is admissible to impeach Plaintiff. Defendants may inquire into "the 'essential facts' of [the] conviction[]"—that is, "the statutory name of [the] offense, the date of conviction, and the sentence imposed." *Estrada*, 430 F.3d at 615. However, the Court finds that evidence of Plaintiff's 2011 conviction for robbery is not admissible. That conviction is remote in time. And "[w]hile robbery is a theft crime," it has "more of the characteristics of a crime of violence," which has less probative value on credibility." *Diggs v. Guynup*, 621 F. Supp. 3d 315, 321 (N.D.N.Y. 2022). Additionally, "the factor[] of . . . cumulative evidence militate[s] against admitting evidence of each of Plaintiff's felony convictions." *Espinosa*, 2014 WL 988832, at *6, 2014 U.S. Dist. LEXIS 31741, at *15–16. Having already found evidence of Plaintiff's 2018 conviction admissible, the Court finds that the incremental probative value of Plaintiff's 2011 conviction for robbery is substantially outweighed by the danger of unfair prejudice. *See id.* Accordingly, such evidence is excluded.

### B. Plaintiff's Disciplinary History

Defendants move to establish admissibility of evidence of Plaintiff's disciplinary history and specifically argue that Plaintiff's disciplinary history reflects that he was found guilty of "False Information" and "Smuggling," which "raise issues concerning [Plaintiff's] character for truthfulness." (Dkt. No. 64, at 11–12.)[2] Plaintiff concedes that disciplinary charges for

---

[2] At the final pretrial conference, Defendants initially argued that Plaintiff having been found guilty of possession of contraband in 2019, (Dkt. No. 72, at 30, 42), is also admissible with respect to Plaintiff's character for truthfulness.

9

"smuggling" or "making a false statement" "may, depending on the circumstances, be probative of Plaintiff's credibility" but argues that admission of such evidence must be contingent upon the Court's examination of the misbehavior reports underlying these charges. (Dkt. No. 67, at 4–5.) Plaintiff further argues that any other disciplinary charges, including "Violent Conduct," "Gangs" and "littering, harassment, creating a disturbance, etc.," should be inadmissible as irrelevant. (*Id.* at 4.)

Defendants did not initially provide the misbehavior reports underlying any disciplinary charges. On January 10, 2024, the Court ordered that Defendants file "the underlying records, including the misbehavior reports, concerning the disciplinary convictions they seek to introduce into evidence at trial." (Dkt. No. 69.) On January 16, 2024, Defendants filed misbehavior reports from three separate occasions. (Dkt. No. 72.)

Under Rule 608(b), the Court "may, on cross-examination of a witness, allow inquiry as to specific instances of conduct, 'if they are probative of the character for truthfulness or untruthfulness of . . . the witness.'" *Tapp v. Tougas*, No. 05-cv-1479, 2018 WL 1918605, at *3, 2018 U.S. Dist. LEXIS 66743, at *9 (N.D.N.Y. Apr. 20, 2018) (quoting Fed. R. Evid. 608(b)). A finding of guilt for providing false information after disciplinary proceedings relates to a witness's credibility because it is a "specific instance[] of conduct that [is] probative of the character for truthfulness of the [witness]." *Id.*, 2018 WL 1918605, at *4, 2018 U.S. Dist. LEXIS 66743, at *10 (allowing inquiry into the plaintiff's prison infraction for false information). Additionally, the Second Circuit has recognized that findings of guilt for smuggling "rank[] relatively high on the scale of veracity-related crimes." *United States v. Hayes*, 553 F.2d 824,

---

Upon questioning from the Court as to how such a finding is probative of credibility, Defendants agreed to withdraw their motion as to the contraband charge.

10

828 (2d Cir. 1977). However, the probative value of a specific instance of misconduct is lessened when it occurred a long time before trial. *See United States v. Schwab*, 886 F.2d 509, 513 (2d Cir. 1989) (holding that the age of a prior instance of misconduct, eighteen years, was relevant in determining its admissibility).

      Here, Defendants indicate that they intend to inquire into the findings of guilt for false information and smuggling. The misbehavior reports submitted by Defendants indicate that Plaintiff was found guilty of providing false information in 2021 after falsely informing corrections officers of his whereabouts, (Dkt. No. 72, at 2–11), and that Plaintiff was found guilty of smuggling in 2019 after he was passed objects, which Plaintiff hid in his boot, that were believed to be tobacco and suboxone, (*id.* at 12–29). Evidence of these instances, which occurred relatively recently, is probative of Plaintiff's credibility. The Court finds that this probative value is not substantially outweighed by the danger of unfair prejudice or any other concern under Rule 403. Therefore, under Rule 608(b), Defendants may inquire as to these two guilty findings—that is, findings of guilty for making a false statement and for smuggling, but no others—during their cross-examination of Plaintiff. But because "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness," Fed. R. Evid. 608(b), the misbehavior reports themselves and other extrinsic evidence related to the guilty findings are not admissible. Plaintiff may, on redirect examination, inquire as to the specific circumstances underlying the two guilty findings. Accordingly, this portion of Defendants' motion is granted in part as set forth above.

      Additionally, the Court notes that at the final pretrial conference, the parties agreed that use of the term "conviction" with respect to these guilty findings is unduly prejudicial, and the

parties therefore agreed to use a term without such prejudicial effect in referring to these two guilty findings.

### C. Conspiracy

Defendants seek to preclude evidence of a conspiracy involving Defendants. (Dkt. No. 64, at 12–14.) Plaintiff acknowledges that he has not brought a cause of action for conspiracy and will therefore not "ask[] the jury to find that Defendants engaged in a 'conspiracy' within the meaning of [§ 1985]." (Dkt. No. 67, at 5.) Accordingly, this portion of Defendants' motion is denied as moot. To the extent related issues are presented at trial, the Court will rule on them as they arise.

### D. Defendants' Disciplinary Histories

Defendants seek to preclude evidence of Defendants' disciplinary histories, personnel files, and other lawsuits. (Dkt. No. 64, at 14–15.) Plaintiff indicates that he "does not intend to introduce evidence of, or otherwise reference, Defendants' disciplinary histories, personnel files, or prior lawsuits" except as to Defendant Thorpe. (Dkt. No. 67, at 6.) Thus, with respect to Defendants Moore, Phillips, Robustiano, Sarrubbo, Murray, and Matrese, this portion of Defendants' motion is denied as moot. With respect to Defendant Thorpe, Defendant seeks to reference "prior dishonest acts . . . to challenge [Defendant Thorpe's] credibility as a witness," including discipline by DOCCS for filing a false report and falsely representing that he had Covid-19 and for "play[ing] golf on union time," which resulted in a $5,000 fine and, together with the other charge, resulted in Defendant Thorpe's discharge from DOCCS. (*Id.* (alteration in original).)

As with the findings of Plaintiff's guilt for false information and smuggling, false representations made by Defendant Thorpe during administrative proceedings related to Defendant Thorpe's filing of a false report and falsely representing that he had Covid-19 are

12

probative of credibility. The Court finds that the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice or any other concern under Rule 403. Accordingly, Plaintiff may elicit testimony during cross-examination of Defendant Thorpe related to false representations made by Defendant Thorpe under Rule 608(b). To the extent Defendant Thorpe made false representations during an administrative proceeding related to "play[ing] golf on union time," cross-examination on such a false misrepresentation is also admissible, but evidence of the mere fact that Defendant Thorpe was "play[ing] golf on union time" is not itself admissible absent an associated false statement. Furthermore, extrinsic evidence related to any false misrepresentation is not admissible. Additionally, the Court finds that the fine imposed on Defendant Thorpe has no probative value as to credibility and thus is inadmissible. Finally, the Court again notes the parties' agreement to refrain from using the term "conviction" with respect to disciplinary findings. Accordingly, this portion of Defendants' motion is granted in part and denied in part.[3]

### E.  Other Grievances and Related Evidence

Defendants move to preclude Plaintiff from introducing evidence of unrelated grievances filed by Plaintiff and related documents, a video of an unrelated use-of-force incident, and grievances filed by non-parties. (Dkt. No. 64, at 16–17.) Plaintiff argues that prior grievances filed by Plaintiff are relevant to Plaintiff's First Amendment claim against Defendant Moore and are evidence of motivation of the use of excessive force. (Dkt. No. 67, at 6–7.) Plaintiff also argues that the videotape of a use-of-force incident involving Defendant Moore is relevant to Defendant Moore's veracity as a witness. (*Id.* at 7.)

---

[3] Plaintiff notes that Defendant Thorpe has four convictions for driving while intoxicated, evidence of which Plaintiff does not intend to offer unless it becomes relevant in light of other testimony offered at trial. (Dkt. No. 67, at 6 n.3.) The Court will address any such request at sidebar during trial.

13

Because Defendants acknowledge that the grievances filed against Defendant Moore are relevant to Plaintiff's First Amendment retaliation claim, this portion of Defendants' motion is denied as moot. The parties indicated during the final pretrial conference that they will work together to submit a joint stipulation regarding Plaintiff's prior grievances and a proposed curative instruction explaining that the grievances are not being offered for the truth of the matters asserted within them. Thus, Defendants' motion is denied as moot with regard to prior grievances filed by Plaintiff. With respect to the videotape, such extrinsic evidence is "not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). To the extent Plaintiff seeks to introduce this videotape of a prior use-of-force incident involving Defendant Moore, Plaintiff must submit a letter brief in support of its admissibility. The Court therefore reserves ruling on Defendants' motion as it relates to the videotape.

### F.    Requesting a Specific Amount in Damages

Defendants move to preclude Plaintiff from requesting a specific dollar amount in damages. (Dkt. No. 64, at 17–18.) Plaintiff "requests that the Court reserve decision on this issue until all the evidence is in." (Dkt. No. 67, at 7–8.)

In the Second Circuit, the decision of whether to permit an attorney to argue for specific amounts in damages "is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997). However, "specifying target amounts for the jury to award is disfavored." *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds sub nom. Consorti v. Owens-Corning Fiberglass Corp.*, 518 U.S. 1031 (1996). Target amounts "anchor the jurors' expectations of a fair award at the place set by counsel, rather than by the evidence."

14

*Ferreira v. City of Binghamton*, No. 13-cv-107, 2016 WL 4991600, at *5, 2016 U.S. Dist. LEXIS 126011, at *14 (N.D.N.Y. Sept. 16, 2016) (quoting *Consorti*, 72 F.3d at 1016). Courts within the Second Circuit often preclude plaintiffs from naming particular sums when the damages are non-economic. *Ross v. Guy*, 2022 WL 768196, at *7, 2022 U.S. Dist. LEXIS 44714, at * 19 (E.D.N.Y. Mar. 14, 2022).

Because Plaintiff has not indicated whether he intends to argue that the jury should award a specific amount and because the Court's decision on this issue may be impacted by evidence admitted at trial, the Court reserves on ruling on this issue until trial.

### G. Defendants' Remaining Arguments

Defendants seek to preclude Plaintiff from making any reference to Defendants' indemnification or potential indemnification by the state in this action, (Dkt. No. 64, at 18–19), and from introducing any evidence relating to his claims that have been withdrawn or dismissed, (*id.* at 19). Plaintiff indicates that he "does not intend to reference any potential indemnification of Defendants by the State of New York," (Dkt. No. 67, at 8), and that "he does not intend to reference any claims that were previously withdrawn or dismissed," (Dkt. No. 67, at 8). Accordingly, these portions of Defendants' motion are denied as moot.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motions in limine, (Dkt. No. 56), and Defendants' motions in limine, (Dkt. No. 64), are **GRANTED in part** and **DENIED in part** as set forth above.

**IT IS SO ORDERED.**

Dated: January 19, 2024
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge